## IN the MATTER OF DISCIPLINARY PROCEED-INGS AGAINST Sandra S. SCHULTZ, Attorney at Law.

Supreme Court

*No. 90-2393-D. Filed May 28, 1991.*

(Also reported in 469 N.W.2d 650.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Sandra S. Schultz be suspended

for four months as discipline for professional misconduct. That misconduct consisted of her neglect of client legal matters by failing to meet deadlines set by a court scheduling order and by failing to provide necessary information on her client's claim, by failing to provide clients with a timely and complete explanation of the importance of a court hearing and by failing to submit a written response to the Board of Attorneys Professional Responsibility (Board) during its investigation of her conduct.

We determine that the license suspension recommended by the referee is appropriate discipline for Attorney Schultz's misconduct, taking into account the aggravating factors listed by the referee concerning Attorney Schultz's conduct during the course of this disciplinary proceeding. By her conduct in the representation of her clients, Attorney Schultz has demonstrated a disregard for their interests as well as a disregard for the court in which her clients sought resolution of their claims. Further, by her actions in the course of this proceeding, she has demonstrated a lack of due regard for this court in the exercise of its responsibility to ensure the competent and ethical practice of law.

Attorney Schultz was licensed to practice law in Wisconsin in 1983 and, at the time of the conduct considered in this proceeding, practiced in Michigan; she now resides in Arizona. She has not previously been the subject of an attorney disciplinary proceeding but in May, 1990 she was suspended from the practice of law for failure to comply with the court's continuing legal education requirements. The referee is the Honorable Timothy L. Vocke, reserve judge.

Following Attorney Schultz's failure to appear at the disciplinary hearing, which failure the referee found to have been intentional, the referee accepted as his find-

ings of fact the allegations of misconduct set forth in the Board's complaint. That misconduct consisted of the following.

In 1984, a woman who had sustained injuries in a hospital following surgery retained Attorney Schultz to represent her and her husband in a malpractice action against the hospital and treating physicians. Attorney Schultz commenced an action in federal district court in Madison and a pretrial conference was scheduled, with deadlines set for discovery and disclosure of names of all expert witnesses to be used. Attorney Schultz did not designate any expert witnesses by the deadline; neither did she inform opposing counsel that she would designate no experts. In fact, she did not obtain or consult any medical expert witnesses.

When the defendants moved to dismiss the complaint, in part on the ground of her failure to comply with the state's mandatory mediation requirements applicable to medical malpractice actions, Attorney Schultz did not file a response. In July, 1987, the district court ordered her to explain in writing her failure to oppose the defendants' motions to dismiss and accompany her explanation with a brief opposing the motions. In her response, Attorney Schultz asserted that medical malpractice actions were not subject to mandatory mediation requirements under state law; she did not respond to the court's earlier order establishing deadlines for discovery and the naming of expert witnesses and its requirement of filing briefs in opposition to dispositive motions.

Notwithstanding her response to the federal court, Attorney Schultz submitted a request for mediation to the Medical Mediation Panels. Subsequently, the district judge concluded that compliance with the mediation requirements under state law was necessary and

stayed the action pending compliance with that procedure. The Medical Mediation Panels administrator asked Attorney Schultz to supplement her request with a general itemization of damages and an indication of the amount for which she would be willing to settle the claim. Attorney Schultz did not respond to that request, nor to a second request for the same information. In January, 1988, the administrator notified counsel that he was canceling the mediation session he had scheduled because of Attorney Schultz's failure to supplement the request for mediation but stated that he would reschedule the session after receipt of the supplemental information. When Attorney Schultz did not submit the supplemental information, one of the defendants filed a motion for reconsideration in the district court on its motion to dismiss.

In March, 1988, the district court ordered Attorney Schultz to appear and show cause why the plaintiffs' action should not be dismissed for failure to prosecute. The order directed Attorney Schultz to send a copy of the order to the plaintiffs and, if they wished to be heard independently, they were to appear at the hearing in person. Attorney Schultz did not send a copy of the court's order to the plaintiffs and did not appear at the scheduled hearing on the order to show cause but her partner appeared with an affidavit of one of the plaintiffs stating that Attorney Schultz and her partner were responsible for the handling of the case and that the plaintiffs had agreed to retain other counsel.

The plaintiff who signed the affidavit later testified that Attorney Schultz and her partner told the plaintiffs that there was personal animus between them and the federal district judge and that this was the reason for their withdrawal from their representation. The plaintiff said he knew there was to be a hearing on the order to

show cause but was not told of its significance or that they were in danger of having their case dismissed at that hearing.

At the hearing on the order to show cause, the district court did not dismiss the plaintiffs' action because it found that they were not responsible for the delays. The court determined, however, that their counsel should be sanctioned for her failure to prosecute the case and granted costs totaling $2,200, which Attorney Schultz's firm paid. Because the court found that plaintiffs' counsel might have misinformed them of the necessity of their being in court in person at the hearing on the order to show cause, it gave plaintiffs five days to inform the court and opposing counsel that they had retained other counsel.

After the district judge filed a grievance against Attorney Schultz with the Board of Attorneys Professional Responsibility, the Board asked Attorney Schultz to submit a written letter in response. Attorney Schultz wrote the Board that the entire file in the case had been turned over to successor counsel and asked for 60 days in which to respond, which the Board granted. Attorney Schultz subsequently wrote the Board that she was having difficulty in properly responding to the grievance because the case was still pending before the federal judge and her answer would necessarily involve questioning the judge's rulings and that a response might prejudice her former clients. The Board responded that Attorney Schultz's written response was still required, adding that she could specify any portion she believed would prejudice her former clients if it were sent to the judge. Notwithstanding numerous indications from her that a response would be or, in fact, had been sent, the Board did not receive a response from Attorney Schultz.

In the course of this disciplinary proceeding, when Attorney Schultz failed to appear at a hearing on the Board's motion to strike her responsive pleadings and enter a default judgment, the referee granted the motion. He specifically found that the allegations in the Board's complaint were proven by the requisite burden of proof and made findings of fact accordingly.

On the basis of those facts, the referee concluded that Attorney Schultz neglected her clients' legal matter, in violation of former SCR 20.32(3),[1] by failing to meet the deadlines set by the federal district court and by failing to provide information to the Medical Mediation Panels administrator. The referee also concluded that she violated SCR 20:1.4(b)[2] by failing to provide her clients with a timely and complete explanation of the importance of the order to show cause hearing. Finally, the referee concluded that Attorney Schultz failed to cooperate with the Board, in violation of SCR 21.03(4)[3] and 22.07(2),[4] by failing to submit a written response to

---

[1]Former SCR 20.32 provides: "**Failing to act competently.** A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer." The current rule is SCR 20:1.3.

[2]SCR 20:1.4 provides: "**Communication** . . . (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[3]SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[4]SCR 22.07 provides:

**Investigation.**

. . .

the Board's request for information in the course of its investigation.

Because of aggravating factors concerning her conduct in this proceeding, the referee recommended that the court suspend Attorney Schultz's license to practice law in Wisconsin for 120 days as discipline for her professional misconduct. The aggravating factors listed by the referee are the following: failure to timely file a responsive pleading to the Board's complaint, failure to file a brief ordered by the referee setting forth her legal position on affirmative defenses asserted, failure to appear at a deposition ordered by the referee in response to the Board's motion to compel discovery, failure to appear at the hearing on the Board's motion to strike responsive pleadings and enter a default judgment. In his report, the referee also noted information suggesting that Attorney Schultz has continued to practice law in Wisconsin notwithstanding her suspension for failure to comply with continuing legal education requirements. The referee recommended that the court order the Board to investigate that matter.

We adopt the referee's findings of fact and conclusions of law and accept his recommendation for discipline. However, it is not necessary to order the Board of Attorneys Professional Responsibility to investigate whether Attorney Schultz is continuing to practice law

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

in Wisconsin because the Board's administrator is charged by court rule to investigate any possible misconduct of an attorney and report findings and recommendations to the Board. SCR 21.02(1).

IT IS ORDERED that the license of Sandra S. Schultz to practice law in Wisconsin is suspended for a period of four months, commencing June 4, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order Sandra S. Schultz pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Sandra S. Schultz to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Sandra S. Schultz comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.