IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Sandra S. SCHULTZ, Attorney at Law.

Supreme Court

*No. 93–0836–D. Filed January 10, 1994.*

(Also reported in 509 N.W.2d 287.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license suspended.*

The court reviews the recommendation of the referee that the license of Attorney Sandra S. Schultz to practice law in Wisconsin be suspended for two years as discipline for professional misconduct. That misconduct consisted of her neglect of a client's medical malpractice claim, failure to keep the client informed of the status of that claim, misrepresenting to her client that the claim remained pending after the circuit court action had been dismissed and the appeal of that dismissal had also been dismissed, misrepresenting to the circuit court her ability to obtain an expert witness in the action and failing to comply with the circuit court's scheduling order, an order of the appellate court and three orders of the referee in this disciplinary proceeding.

The recommended two-year license suspension is appropriate discipline to impose for Attorney Schultz' professional misconduct established in this proceeding. This is the second time Attorney Schultz is being disciplined for the same kind of misconduct and the serious nature of it and the pattern Attorney Schultz has demonstrated warrant the imposition of severe discipline to impress upon her the need to conform her conduct to the rules promulgated by the court as well as to protect the courts and the public from her continued misconduct.

Attorney Schultz was admitted to practice law in Wisconsin in 1983 and practices in Michigan. The court suspended her license for four months in 1991 for failing to meet deadlines set by a circuit court scheduling order, failing to provide necessary information on her client's claim, failing to provide clients a timely and complete explanation of the importance of a court hearing and failing to submit a written response to the Board of Attorneys Professional Responsibility during

its investigation of her conduct. *Disciplinary Proceedings Against Schultz,* 162 Wis. 2d 184, 469 N.W.2d 650. As she has not filed the requisite affidavit of compliance with the court's suspension order or paid the costs of the proceeding as ordered, Attorney Schultz' license remains suspended.

The referee, Attorney Jean DiMotto, made the following findings of fact after she had struck Attorney Schultz' answer to the complaint filed by the Board of Attorneys Professional Responsibility because of her uncooperative and disrespectful conduct in this proceeding. In 1984, Attorney Schultz was retained to pursue a medical malpractice claim and in July, 1986, she and her partner commenced an action against several health care providers. Ten months later, the defendants moved to dismiss or, in the alternative, for the imposition of sanctions based on the failure of plaintiff's attorneys to disclose expert witnesses by the date specified in the court's scheduling order, their failure to respond to defendants' telephone calls and letters seeking to confirm the identity of the plaintiff's experts and arrange for their depositions and their failure to attempt to contact defendants' counsel until the day before the hearing on the motion to dismiss. The court ordered Attorney Schultz and her partner to designate a specified expert witness within 10 days, provide defense counsel dates for depositions of that witness and the plaintiff and pay defense counsels' attorney fees.

Three months later, appearing on a second defense motion for dismissal or sanctions, Attorney Schultz told the court she had difficulty obtaining a medical expert to testify but named a doctor she said eventually was able to obtain and told the court he was available for deposition on a specified date. In fact,

however, Attorney Schultz had known for over a year that the report of the doctor she named to the court was not favorable to the plaintiff. Nonetheless, Attorney Schultz neither obtained another expert nor consulted with her client about dismissing the action for lack of an expert.

At the conclusion of that hearing, the court dismissed the medical malpractice action with prejudice, having concluded that there had been, in the court's words, "continual dilatory tactics, which conduct is egregious in nature and in bad faith." Attorney Schultz appealed that order of dismissal and the appeal was dismissed for the appellant's failure to comply with the Court of Appeals order for additional transcripts and for failure to file a brief timely. Thereafter, Attorney Schultz misrepresented to her client that the action was still pending and that settlement negotiations were continuing.

The client, through successor counsel, brought a legal malpractice action against Attorney Schultz and her partner in June, 1990 and one year later recovered a default judgment by virtue of the defendants' failure to file an answer or appear in the action. The court in that action determined that the plaintiff's medical malpractice claim was worth $50,000 and, in addition to that amount, awarded the plaintiff $150,000 in punitive damages for her attorneys' outrageous, reckless and intentional disregard of the plaintiff's rights and their intentional misrepresentation to her about the status of her claim.

On the basis of those facts, the referee concluded as follows. By failing to make a reasonably diligent effort to comply with discovery requests of opposing counsel, failing to obtain a medical expert to testify on behalf of her client and failing to effectively prosecute

her client's claim and the subsequent appeal, Attorney Schultz failed to provide competent representation to her client, in violation of former SCR 20.32(1),[1] and neglected that matter, in violation of former SCR 20.32(3).[2] Her failure to inform her client of the unfavorable medical report and discuss options available to the client if no favorable medical witness could be found and her failure to inform the client of the dismissal of the malpractice action and the subsequent appeal constituted a failure to keep her client reasonably informed about the status of a legal matter, in violation of former SCR 20.32(3).

The referee also made the following conclusions. When she told her client the action was still pending and settlement negotiations were progressing, knowing the case had been dismissed and the appeal of the dismissal had been unsuccessful, and that the information the client had obtained from the court personnel that the case had been dismissed was incorrect, Attorney Schultz engaged in conduct involving dishonesty, deceit and misrepresentation, in violation of former SCR 20.04(4).[3] By her representation to the court that

---

[1] Former SCR 20:32 provided:

**Failing to act competently.** A lawyer may not:
(1) Handle a legal matter which the lawyer knows or should know that he or she is not competent to handle, without associating with a lawyer who is competent to handle it.

The corresponding current rule is SCR 20:1.1.
[2] Former SCR 20.32 provided:

**Failing to act competently.** A lawyer may not:
. . .
(3) Neglect a legal matter entrusted to the lawyer.

The corresponding current rule is SCR 20:1.3.
[3] Former SCR 20.04 provided:

**Misconduct.** A lawyer shall not:

she was able to obtain an expert witness when she knew the only physician's report she had was unfavorable to her client and the physician could not be used as an expert witness on the client's behalf, Attorney Schultz knowingly made a false statement of fact to a tribunal, in violation of former SCR 20.36(1)(e).[4] By failing to schedule deposition dates as ordered by the circuit court, failing to obtain additional transcripts as ordered by the Court of Appeals and failing to comply with three orders of the referee in the disciplinary proceeding, Attorney Schultz knowingly disobeyed orders of the tribunals, in violation of former SCR 20.40(1).[5]

We adopt the referee's findings of fact and conclusions of law and determine that the two-year license suspension recommended as discipline for Attorney Schultz' misconduct in these matters is appropriate. The seriousness of that misconduct, by which Attorney Schultz violated her professional duties to her clients,

---

. . .
(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

The corresponding current rule is SCR 20:8.4(c).
[4] Former SCR 20:36 provided:

**Representing a client within the bounds of the law.**
(1) In his or her representation of a client, a lawyer may not:
. . .
(e) Knowingly make a false statement of law or fact.
The corresponding current rule is SCR 20:3.3(a)1.

[5] Former SCR 20.40 provided:

**Trial conduct.** (1) A lawyer may not disregard or advise a client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, but the lawyer may take appropriate steps in good faith to test the validity of the rule or ruling.

The corresponding current rule is SCR 20:3.4(c).

the courts and the disciplinary process, as well as its repetition, calls for severe discipline.

IT IS ORDERED that the license of Sandra S. Schultz to practice law in Wisconsin is suspended for a period of two years, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Sandra S. Schultz pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Sandra S. Schultz to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Sandra S. Schultz comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

GESKE, J., took no part.